UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 10-090S |
| | : | |
| JAMES BARTLETT | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a preliminary revocation hearing was held on August 25, 2015, at which time Defendant, through counsel and personally, admitted he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant released pending final sentencing before Chief Judge William E. Smith.

Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of six months of incarceration with no further supervised release to follow.**

### Background

On August 5, 2015, the Probation Office petitioned the Court for a Summons to be served on Defendant. On August 6, 2015, the District Court reviewed the request and ordered the issuance

of a summons.  Pursuant to the summons, Defendant initially presented himself in Court on August

25, 2015 and admitted to the following charges:

> **Defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.**
>
> Defendant has largely made himself unavailable for supervision by failing to respond to home contacts, voice mails and other attempts to arrange contacts made by the undersigned officer.
>
> **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**
>
> Defendant had contact with the Portsmouth (R.I.) Police Department on June 18, 2015 but failed to notify the probation officer of the encounter.
>
> **Participate in a program of mental health treatment as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the probation officer.**
>
> Defendant failed to appear for dual diagnosis treatment on the following occasions: February 11, 2015; March 11, 2015; March 24, 2015; May 19, 2015 and July 8, 2015.  Additionally, he canceled treatment appointments on the following occasions: May 12, 2015; June 16, 2015 and June 24, 2015.  Defendant has failed to contact or respond to his treatment provider to schedule any further treatment appointments.
>
> **Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient), as directed and approved by the Probation Office.  Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the probation officer.**
>
> Defendant failed to appear for drug tests on March 16, 2015; May 8, 2015; May 26, 2015; June 30, 2015; July 21, 2015 and July 30, 2015.
>
> **Defendant shall contribute to his $1,800.00 outstanding restitution.**

During this term of supervision, Defendant has not made any payments toward his outstanding restitution. The current restitution balance is $1,645.00 and Defendant last made a payment on July 24, 2012.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

### Recommended Disposition

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. The maximum term of supervised release is five years. A term of eighteen months has already been imposed. Therefore, supervised release can be extended for up to forty-two months, resulting in a total of sixty months.

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above stated maximums to arrive at the current remaining statutory maximum sentence. Defendant was on supervision for a Class B felony. Therefore, he may not be required to serve more than three years' imprisonment upon revocation. However, since Defendant has already served eight months'

imprisonment as a result of one or more previous revocations, the statutory maximum term of imprisonment remaining is twenty-eight months.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  The authorized statutory maximum term of supervised release is three years.  There has been a total of eight months' imprisonment previously imposed for violations of supervised release.  Therefore, the Court may impose the above-noted statutory maximum, minus the eight months previously imposed, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the United States Sentencing Guidelines ("USSG") provides for three grades of violations (A, B, and C).  Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or (B) any other offense punishable by a term of imprisonment exceeding twenty years.  Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one

-4-

year.  Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision.  In this case, Defendant has committed Grade C violations.  Therefore, the Court may revoke, extend or modify the conditions of supervision.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  There is an outstanding restitution in the amount of $1,645.00.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the Defendant was originally sentenced.  Defendant had a Criminal History Category of I at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  Defendant committed a Grade C violation and has a Criminal History Category of I.  Therefore, the applicable range of imprisonment for this violation is three to nine months.

Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one

month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.   Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.   The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

### Offender's Characteristics

In 2009, Defendant pled guilty to bank fraud and was sentenced to time served,[1] with three years of supervised release which commenced on June 17, 2011.   In his first stint on supervised release, Defendant worked only sporadically and failed to make progress on his restitution obligation.   He tested positive for marijuana use and, on March 12, 2012, he sold cocaine to a police informant and was arrested on July 24, 2012.   He pled nolo to that charge and received a

---

[1] Defendant was initially released on conditions on December 14, 2009 but was later detained as a bail violator based on his arrest by the Newport Police on March 24, 2010 on breaking and entering charges.   On June 16, 2011, Defendant pled nolo to the breaking and entering charges as well as a pending charge of receiving stolen goods.   He received ten-year suspended sentences in both felony cases.   See State v. Bartlett, N2-2010-0183A and 0253A.

five-year sentence with six months to serve and fifty-four months suspended. See State v. Bartlett, N2-2013-0010A. On July 30, 2013, Defendant was sentenced to five months' incarceration and twenty-four months of further supervised release for violating his conditions of supervised release.

Defendant's supervised release recommenced on August 15, 2013. Again, Defendant only worked sporadically and did not take seriously his obligations on supervised release. He reverted to cocaine and marijuana use and failed to report for numerous drug tests. He failed to report to Probation as directed and was less than cooperative in participating in drug treatment. He discontinued contact with Probation for several weeks prior to his arrest. On January 30, 2015, Defendant was sentenced to three months' incarceration and eighteen months of further supervised release for his second violation.

Defendant recommenced supervised release on January 30, 2015 and continued his history of noncompliance. He missed or canceled numerous treatment appointments. He failed to appear for numerous drug tests and, most significantly, he failed to make himself available to his Probation Officer. He effectively forced Probation to track him down and rejected a proposal to address his noncompliance with a period of location monitoring.

Defendant has admitted to Grade C violations and the guideline range is three to nine months of incarceration. The Government recommended a sentence of nine months with no further supervised release. Defendant's counsel asked for immediate release of Defendant to demonstrate improvement to the Court. This is Defendant's third violation case, and he has had multiple opportunities to improve his compliance. I do not find Defendant's release proposal to be reasonable or warranted under these circumstances. He has ignored the most basic conditions of supervision and attempted to unilaterally discontinue his Court-imposed supervision. In addition,

I do not find the Government's high-end recommendation of nine months for these Grade C violations to be reasonable and warranted. I conclude that a mid-range sentence of six months is sufficient to punish this Defendant for his habitual noncompliance and to act as a deterrent to others on supervised release. As to further supervised release, I accept the Government's recommendation of no further supervised release.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of six months of incarceration with no further supervised release to follow.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Local Rule CR 57.2(d); Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 31, 2015